NORMAN HAYS v. THE STATE.

No. 3869. Decided March 6, 1907.

**1.—Burglary—Charge of Court—Night-time—Actual Force—Private Residence.**

Upon a trial for a night-time burglary of a private residence, there was no error in refusing to submit a charge that actual force was necessary to an entry.

**2.—Same—Charge Refused—Recent Possession.**

On trial for a burglary, there was no error in refusing a charge that the mere possession of stolen property taken from the burglarized house was insufficient to convict.

**3.—Same—Charge of Court—Actual Breaking—Entry.**

Upon trial for a night-time burglary of a private residence, where the evidence showed that the property stolen from the room could not have been taken unless the person taking introduced a part of his body into the room and lifted the property out with something, the court correctly charged upon this phase of the case, and that no actual breaking was necessary.

**4.—Same—Bill of Exceptions—Evidence.**

Where upon an appeal from a conviction of burglary, there appeared no bill of exceptions in the record to the introduction of certain testimony the matter could not be considered.

**5.—Same—Defendant as a Witness—Impeachment.**

Where upon trial for burglary, the defendant had testified, he could be recalled by the State for the purpose of laying a predicate for impeachment.

**6.—Same—Charge of Court—Explanation—Weight of Evidence.**

Upon trial for burglary the court correctly charged that if defendant purchased the property found in his possession to acquit him. Such charge was not on the weight of the evidence.

Appeal from the District Court of Victoria. Tried below before the Hon. James C. Wilson.

Appeal from a conviction of burglary; penalty, five years imprisonment in the penitentiary.

The opinion states the case.

*Dupree & Pool,* for appellant.—On question of force: Bates v. State, 99 S. W. Rep., 551. On question of recalling defendant as witness: Section 10, article 1, Constitution. On question of possession of stolen property: Kenneda v. State, 16 Texas Crim. App., 258.

*F. J. McCord,* Assistant Attorney-General, for the State.

BROOKS, JUDGE.—Appellant was convicted of burglary and his punishment assessed at five years confinement in the penitentiary.

The facts in this case show that the prosecuting witness, being a married man, took off his pants between nine and ten o'clock at night and hung them on the back of a chair in the room of his private residence within about two feet of an open window; that no one, however, could get the pants without getting inside the house or getting a portion of his body in the room and lifting them out with something. No one could hold on the wall and reach his body around in the room far enough to have gotten them that way; even then his body would have to be inside to get the pants, or he lifted them out with a stick or something of that sort. Appellant was subsequently found in possession of the pants, worth about $6 or $8. Prosecuting witness about six or seven o'clock in the morning discovered his pants were gone.

Appellant asked the court to charge the jury as follows: "You are instructed that before you can convict the defendant in this case you must believe and find from the evidence before you, beyond a reasonable doubt, that the defendant entered the house of A. K. Wilson by applying actual force to the building and unless you so find you should acquit." We do not think the court erred in refusing this charge, since the evidence shows it was a night-time burglary.

Appellant also complains that the court erred in not telling the jury that the mere possession of stolen property taken from a house alleged to have been burglarized is not sufficient alone to convict of burglary, but is only a circumstance to be taken in connection with other facts. There is no error in the refusal of this charge.

Appellant also complains of the court giving the following charge to the jury: "An entry in burglary may be constituted by the introduction of any instrument into the house for the purpose of taking from the house any personal property although no part of the body of the offender should be introduced. It is not necessary that there should be any actual breaking when the entry is made in the night-time, but there must be some degree of force; however slight force

is sufficient. The entry by a chimney or climbing through a window or the entry at any unusual place would constitute force." We do not think the court erred in giving this charge. For a discussion of this matter see Will Mason v. State, Feb., 1907.

Appellant further complains of the introduction of certain testimony, but we find no bill of exceptions in the record.

Appellant also complains that the court erred in placing the defendant on the stand as a witness for the purpose of laying a predicate for impeachment after said defendant had testified in his own behalf and had been fully cross-examined by the State and excused from the witness stand. When appellant takes the stand in his own behalf, he becomes a witness like other witnesses subject to all the rules of evidence, and there was nothing amiss in the court permitting the State to lay a predicate for his impeachment.

The court charged the jury that if they believed the defendant purchased from another the pair of pants found in his possession, to acquit him. Appellant objects to said charge on the ground that said charge negatively stated that if the jury believed defendant did not purchase the pants as testified by him, they should convict. We do not think there is any error in the charge of the court. The court properly presented the law, and the evidence in this case amply supports the verdict, and the judgment is affirmed.

*Affirmed.*